KITCHENS, Justice,
specially concurring:
¶ 107. I agree with the majority’s conclusion that the trial court was in error when it denied the appellant’s pretrial request for expert assistance in the absence of a hearing to ascertain whether he was indigent at the time of that application. That he had been able to obtain private, retained legal counsel was not dispositive of that question, and LeeVester Brown’s right to a fair trial was violated. Utilization of an expert witness was the only way that Brown could defend himself against the testimony of Dr. Hayne.[18]
¶ 108. I am compelled to write separately, and briefly, to note with dismay that this extremely serious case somehow escaped the attention and action of Mississippi’s judicial system for an extraordinary period of six years while two post-trial motions, filed on September 29, 2006, remained open and unheard in the Circuit Court of Coahoma County: a motion by Brown’s retained trial attorney requesting leave to withdraw, which stated that Brown wished “to have the Court appoint an attorney at the expense of Coahoma County, Mississippi to represent him on his appeal on. the conviction for capital murder,” and a simultaneously filed motion in which Brown asked the trial court for permission to file an appeal in foma pau-peris. The State responded to the attorney’s motion, arguing that he should be required to stay on as Brown’s counsel. The trial court never ruled on either motion, and Brown’s attorney never pursued a decision. Instead, Brown was left to languish in prison, stuck in appellate limbo with no one — not his attorney, and not the trial court — taking the steps necessary to the progress of his appeal.
¶ 109. After a couple of vain attempts at ineffectual filings without the benefit of a lawyer, Brown, in August of 2012 — nearly six years after he was convicted and sentenced — succeeded in obtaining a hear *1171 ing in the trial court on his Motion to Show Cause and Motion for Access to Records, which resulted in that court’s noting, inter alia, that “through no fault of his own, Brown has been denied a right to appeal his conviction.”
¶ 110. Brown’s trial counsel was permitted to withdraw; but the trial court, finding that it lacked jurisdiction to grant an out-of-time appeal, did give him permission to appeal in forma pauperis from its order denying that request and appointed appellate counsel for him from the Office of Indigent Appeals.
¶ 111. During the last two years, his appeal has taken its course, but approximately six years later than it should have. The familiar saying, “Justice delayed is justice denied,” comes to mind; and, in this case, it came to nightmarish fruition. Brown’s appeal had merit. The trial against him was not entirely fair. Now he has been incarcerated for more than eight years for a conviction that this Court unanimously decrees cannot stand. Such rank unfairness speaks for itself.
¶ 112. Notwithstanding that Brown did achieve some degree of success in this Court, and regardless of the ultimate resolution of the grievous charge he still faces, all of us who bear responsibility for the reliable and timely functioning of our state’s criminal justice system should be ashamed of the systemic failure which occurred in the case of LeeVester Brown, so much so that we rededicate ourselves to a resolute determination that such a thing will never happen again.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, PIERCE, KING AND' COLEMAN, JJ„ JOIN THIS OPINION.

. Although understandably unmentioned by the majority, I must note Dr. Hayne's impressive and staggeringly productive record as a forensic pathologist. Hayne testified that he had been engaged in the practice of forensic pathology for more than thirty years. According to him, in that time he had participated in approximately 35,000 autopsies. That equates to roughly 1,166 autopsies every year since his career began, or approximately three autopsies every single day of his life for thirty years, all the while also testifying at innumerable trials such as LeeVester Brown’s.